■ ROBERT PLAN CORPORATION, Appellant-Respondent, v PEROT SYSTEMS CORPORATION, Respondent-Appellant, and H. ROSS PEROT, Respondent. [718 NYS2d 50] —Order, Supreme Court, New York County (Barry Cozier, Jr., J.), entered on or about January 14, 2000, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claim for punitive damages and its cause of action for breach of contract against the individual defendant, and denied the motion insofar as it was directed to the causes of action against the corporate defendant for various breaches of contract and the unauthorized sale of proprietary information, unanimously affirmed, without costs.

Plaintiff's allegations that defendant misappropriated proprietary information it had developed for plaintiff do not show conduct so reprehensible as to support a claim for punitive damages. The contract cause of action against the individual defendant, based on the latter's letter confirming his commitment "to make available to [the corporate defendant] the capital necessary for it to fully perform its [contractual] obligations to [plaintiff]," was properly dismissed on the ground that the letter is too indefinite to be enforced as a contract. Dismissal of the contract causes of action as time-barred was properly denied on the ground that an issue of fact exists as to whether the contract in issue, entitled "Information Services Management Agreement" and entailing continuing data processing management and systems development over a 10-year period, was predominantly one for the sale of goods or indivisible services (*see,* 18 Williston, Contracts § 2028 [3d ed]; *Asian Vegetable Research & Dev. Ctr. v Institute of Intl. Educ.,* 944 F Supp 1169, 1177). Plaintiff's tort claims alleging defendant's unauthorized sale of plaintiff's proprietary information are not merely recast contract claims, and are otherwise sufficient. Argument concerning whether the demand for damages exceeds the contractual limitation of liability are premature, and can be better entertained after disclosure. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.